IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brian Bilodeau, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 8:25-172-BHH |
| ) | |
| Warden Hutchinson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

      This matter is before the Court on Petitioner Brian Bilodeau's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

      On January 21, 2025, Magistrate Judge William S. Brown filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this petition without prejudice and without requiring Respondent to file an answer or response because it is clear from the face of Petitioner's § 2241 petition that he has not exhausted his state court remedies. In the Report, the Magistrate Judge noted that this is the second action that Petitioner has filed in this Court challenging the calculation of his sentence under the First Step Act, and that Petitioner's prior action also was dismissed for the same reason that the Magistrate Judge recommends dismissal of this action. *See Bilodeau v. Warden of FCI Estill*, No. 8:24-cv-5116-BHH-WSB, 2024 WL 4828052 (D.S.C. Oct. 21, 2024), *R&R adopted by* 2024 WL 4826852 (D.S.C. Nov. 19, 2024).

Petitioner filed objections to the Magistrate Judge's Report, asserting that he feels he has exhausted all administrative remedies and alleging that the prison authorities failed to provide him with timely responses to his BP-09 forms. (ECF No. 12.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Here, after review, the Court finds Petitioner's objections unavailing and that they do not point to any factual or legal error in the Report. Ultimately, the Court agrees with the Magistrate Judge that it is clear from the face of the petition that Petitioner did not exhaust his administrative remedies prior to filing this action. The Court notes that Petitioner may re-file this petition after he has exhausted his state court remedies.

For the foregoing reasons, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8); overrules Petitioner's objections (ECF No. 12); and dismisses this action without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 13, 2025
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Here, the Court finds that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.